**WALL HUNTINGTON TRIAL LAW**
2024 N. Woodlawn, Suite 406
Wichita, Kansas 67208
(316) 265-6000 Telephone
(316) 267-3567 Facsimile
E-Mail: larry@whtriallaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DARCY D. WILLIAMSON, Trustee for the Bankruptcy Estate of Laura Clayton and Stephen Clayton, Case No 12-41353-7,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**CHARLIE G. JOSLIN, M.D., RAY E. HOUSE, M.D., CENTRAL KANSAS MEDICAL CENTER, d/b/a ST. ROSE AMBULATORY & SURGERY CENTER,**<br><br>**Defendants.** | **Case No.** |

PURSUANT TO K.S.A. CHAPTER 60

## <u>COMPLAINT</u>

COMES NOW Plaintiff, Darcy D. Williamson, Trustee, by and through her lawyers Larry Wall and Tina Huntington of Wall Huntington Trial Law, and for her causes of action against Defendants Charles G. Joslin, M.D., Ray E. House, M.D., and Central Kansas Medical Center, d/b/a St. Rose Ambulatory & Surgery Center, alleges and states the following:

## FACTUAL AND PROCEDURAL HISTORY

1.     On June 11, 2014, Plaintiff filed a Complaint in Case No.: CV-2282 JTM/TJJ, alleging personal injuries as a result of medical malpractice against Defendants Charlie Joslin, M.D. and Ray House, M.D. [Doc. 1]  On September 9, 2014, Plaintiff filed an Amended Complaint adding Centrua Health Corporation, d/b/a St. Rose Ambulatory & Surgery Center as a party Defendant. [Doc. 17]  On November 19, 2014, Plaintiff filed a 2nd Amended Complaint adding Central Kansas Medical Center, d/b/a St. Rose Ambulatory & Surgery Center as a party Defendant. [Doc. 30]

2.     On March 10, 2015, this Court entered a Journal Entry of Dismissal Without Prejudice in Case No.: CV-2282 JTM/TJJ, which granted Plaintiff's unopposed Motion to Dismiss Without Prejudice against all Defendants with the following conditions: (1) all discovery in the original case would be binding and effective in the new filed action; (2) all orders of the Court in the original case would be binding and effective in the new filed action; and (3) any refiling of the action as against Defendants Charlie G. Joslin, M.D., Ray E. House, M.D., Central Kansas Medical Center, d/b/a St. Rose Ambulatory & Surgery Center and Centura Health Corporation shall occur no later than six months from the date the Journal Entry.  [Doc. 54]

3.     This action was filed on March 12, 2015 which is three (3) days following entry of the Court Journal Entry of Dismissal Without Prejudice.

**PARTIES**

4.      Laura Clayton, the injured party, is a citizen and resident of Jackson County, Missouri with an address of 9937 Locust, Apt. #4011, Kansas City, MO 64131.

5.      Plaintiff, Darcy D. Williamson, Trustee for the Bankruptcy Estate of Laura Clayton and Stephen Clayton, Case No 12-41353-7, is the representative of the Bankruptcy Estate and has capacity to sue pursuant to 11 U.S.C. 323. Laura Clayton's unliquidated medical malpractice claims are property of the Bankruptcy Estate pursuant to 11 U.S.C. 541.

6.      Defendant Charlie G. Joslin, M.D. is, and at all relevant times has been, a physician licensed in the State of Kansas with his principal place of business at 611 N. Main Street, Ellinwood, Barton County, Kansas 67526. At all relevant times, Dr. Joslin held himself out to the general public, including Laura Clayton, as having a duty to use that degree of learning and  skill, ordinarily possessed and used by members of his specialty and school of medicine under  like  circumstances.  By agreement, Defendant Charlie G. Joslin, M.D. may be served with process by serving his attorney Matthew Sorochty of Woodard, Hernandez, Roth & Day, L.L.C., 245 N. Waco, Suite 260, Wichita, KS 67202.

7.      Defendant Ray E. House, M.D. is, and at all relevant times has been, a physician licensed to practice medicine in the state of Kansas with his principal place of business at 119 W. Iron, 5th Floor, Salina, Saline County, KS 67401. At all relevant times, Dr. House held himself out to the general public, including Laura Clayton, as having a duty to use that degree of learning and  skill, ordinarily

possessed and used by members of his specialty and school of medicine under like circumstances.  By agreement, Defendant Ray E. House, M.D. may be served with process by serving his attorney Peter Johnston of Clark, Mize & Linville, Chtd., 129 S. Eighth, P.O. Box 380, Salina, KS 67402-0380.

8.     Defendant Central Kansas Medical Center, (Hereafter "Surgery Center") has at all times relevant been doing business as St. Rose Ambulatory & Surgery Centers, and has at all relevant times been, a not for profit corporation registered with the state of Kansas with its principal place of business at 3515 Broadway Ave., Great Bend, KS 67530.  At all relevant times, the Surgery Center held itself out to the general public, including Laura Clayton, as having a duty to exercise such reasonable care as its patients condition may require and to use that degree of care, skill, diligence used by other medical facilities generally in the care and treatment of patients. By agreement, Defendant Central Kansas Medical Center may be served with process by serving its attorneys Brent Wright & Emily Perry of Horn, Aylward & Bandy, LLC, 2600 Grand Blvd., Suite 1100, Kansas City, Missouri 64108.

## JURISDICTION  VENUE & PLACE OF TRIAL

9.     This Court has original jurisdiction over the claims stated in this Complaint pursuant to 28 U.S.C. § 1332(a), Bankruptcy Act §23 and 11 U.S.C. § 46, because (1) the matter in controversy exceeds the sum and value of $75,000.00 dollars, exclusive of interests and costs and (2) Laura Clayton and Defendants are citizens of different states in that Mrs. Clayton is a citizen and resident of Missouri and Defendants are citizens and residents of Kansas.

10.     Venue is proper in the District Court for the District of Kansas, pursuant to 28 U.S.C.A. §1391(a)-(c), because the acts and omissions which gave rise to Plaintiff's claims occurred in the District of Kansas and each of the Defendants are domiciled and practicing medicine within the District of Kansas.

11.     Pursuant to District of Kansas Local Rule 40.2 Plaintiff requests Kansas City, Kansas as the place she desires the trial be held because she is receiving cancer treatment at the University of Kansas Medical Center in Kansas City, Kansas.

## NOTICE OF SERVICE ON THE KANSAS HEALTH CARE STABILIZATION FUND

12.     Pursuant to K.S.A. § 40-3409, a copy of this Complaint has been mailed this day by Certified United States Mail to Rita L. Noll, Deputy Director and Chief Attorney for the Board of Governors, Kansas Health Care Stabilization Fund, 300 SW 8th Avenue, 2nd Floor, Topeka, Kansas 66603-3912.

## FACTUAL BACKGROUND

13.     Laura Clayton and Stephen Clayton are and at all material times have been and are husband and wife.

14.     Laura and Stephen Clayton were married at the Christ the King Church, in Kansas City, Missouri on November 11, 1977.

15.     As of the date this Complaint is filed Laura and Stephen Clayton have been married for thirty-eight (38) years.

16.     Laura and Stephen Clayton are the parents of five sons. The names and dates of birth of their sons are as follows: Jason Edward Clayton, June 1981; Jacob Alexander Clayton, March 1983; Jesse Carden Clayton, September 1985; Jeffery Aaron Clayton, June 2, 1987 and Jordan Ethan Clayton, December 1989.

17.     On or about June 12, 2012, Charlie G. Joslin, M.D. established a physician-patient relationship with Laura Clayton.

18.     On or about June 12, 2012, Charlie G. Joslin, M.D. performed a clinical breast exam (CBE) of Laura Clayton at the Ellinwood Clinic in Ellinwood, Kansas.

19.     On or about June 12, 2012, as part of the CBE, Charlie G. Joslin, M.D. palpated Laura Clayton's axillary lymph nodes and reported everything was normal.

20.     On or about June 12, 2012, Charlie G. Joslin, M.D. ordered a screening mammogram for Laura Clayton to be performed at the Surgery Center Ambulatory Surgery Center on June 14, 2012.

21.     On or about June 13, 2012, Charlie G. Joslin, M.D. electronically signed the office note for Laura Clayton's office visit with him at the Ellinwood Clinic on June 12, 2012.

22.     On or about June 14, 2012, Laura Clayton underwent a "DIGITAL SCREENING MAMMOGRAM WITH CAD CHECK ANALYSIS" at the Surgery Center.

23.     On or about June 15, 2012, radiologist Ray E. House, M.D. dictated a report concerning Laura Clayton's June 14, 2012, "DIGITAL SCREENING MAMMOGRAM WITH CAD CHECK ANALYSIS."

24.     On or about June 17, 2012, an individual with initials "TCS" transcribed Dr. Ray E. House's dictation concerning the June 14, 2012 "DIGITAL SCREENING MAMMOGRAM WITH CAD CHECK ANALYSIS" of Laura Clayton.

25.     The June 14, 2012, mammography report contains, in part, the following language: "IMPRESSION: Group of microcalcifications in the upper outer

aspect of the right breast which are suspicious and merit stereotactic biopsy."

26.     The June 14, 2012, mammography report contains, in part, the following language: "ASSESSMENT: "Suspicious calcifications, stereotactic biopsy recommended.   BIRADS Category 4, suspicious findings. Biopsies should be considered."

27.     Ray E. House, M.D. never personally communicated or confirmed with any Surgery Center agent or employee to verify that   the results and recommendations of the mammogram of June 14, 2012  had been personally communicated to Laura Clayton.

28.     Ray E. House, M.D. has never personally communicated with Laura Clayton concerning the mammogram of June 14, 2012.

29.     Ray E. House, M.D.  never personally communicated with  Charlie G. Joslin, M.D. concerning the mammogram of June 14, 2012.

30.     Charlie G. Joslin, M.D.  never personally communicated with Laura Clayton concerning the mammogram of June 14, 2012, until she presented to his office on or about December 31, 2013.

31.     Charlie G. Joslin, M.D.  never personally communicated with Ray E. House, M.D. between June 14, 2012 and December 30, 2013, concerning the screening mammogram he ordered to be performed on Laura Clayton on June 14, 2012.

32.     Charlie G. Joslin, M.D. never personally communicated with any employee of Surgery Center between June 14, 2012 and  December 30,  2013, concerning the screening mammogram he ordered to be performed on Laura

Clayton on June 14, 2012.

33.     Surgery Center never personally communicated with Laura Clayton between June 14, 2012 and December 30, 2013, concerning the results of the screening mammogram performed at the facility on Laura Clayton on June 14, 2012.

34.     On or about December 29, 2013, while showering before church, Laura Clayton discovered a "lump" in her right breast.

35.     On or about December 31, 2013, Laura Clayton and her husband Stephen, were seen by Charlie G. Joslin, M.D. concerning the lump in her right breast.

36.     Charlie G. Joslin, M.D. performed a CBE and confirmed the existence of a mass in the right upper and medial quadrants of Laura's breast.

37.     Charlie G. Joslin, M.D. advised Laura and Stephen Clayton that he thought the mass was "nothing to worry about", but to be safe he would have someone from his clinic contact Surgery Center to schedule another mammogram.

38.     After Laura Clayton's office visit on December 31, 2013, Dr. Joslin, or someone on his behalf, communicated with the Surgery Center to schedule a second mammogram.

39.     On or about December 31, 2013, at 10:18a.m., the Surgery Center faxed the Ellinwood Clinic a one page report concerning the June 14, 2012 screening mammogram of Laura Clayton.

40.     On December 31, 2013, at 10:18a.m. the Ellinwood Clinic received a one page fax from the Surgery Center concerning the June 14, 2012 screening

mammogram of Laura Clayton.

41.     Shortly after leaving Charlie G. Joslin, M.D.'s office, his staff called Stephen Clayton on his cell phone and told him to urgently contact Laura because they needed her to return to the clinic immediately.

42.     When Laura and Stephen Clayton arrived back at the office of Charlie G. Joslin, M.D., the atmosphere was very tense and they were urgently ushered into a small room.

43.     Within a few moments of the Clayton's sitting down in the small room, Charlie G. Joslin, M.D. told Laura and Stephen Clayton that he had failed to inform Laura of the Red Flag mammogram results of June 14, 2012.

44.     Charlie G. Joslin, M.D. told Laura and Stephen Clayton that the screening mammogram of June 14, 2012, had revealed suspicious finding and that the radiologist had recommended a biopsy and Doctor Joslin admitted he had "dropped the ball."

45.     On January 2, 2014, Laura Clayton underwent a diagnostic mammogram at the Surgery Center.

46.     The January 3, 2014 , mammogram  report contains, in part, the following language:  "The patient shows an increase in the size of a density in the central upper aspect of the right breast. There has also been a change in the calcifications. This area merits further workup with stereotactic biopsy recommended."

47.     On January 3, 2014, Laura Clayton underwent a right breast stereotactic biopsy at Salina Regional Medical Center.

48.     The report of the biopsy, dated January 6, 2014, revealed Laura Clayton has "INVASIVE DUCTAL CARCINOMA, NOTTINGHAM GRADE 3."

49.     On or about January 16, 2014, Laura Clayton was evaluated and treated at the University of Kansas Cancer Center and oncologist, Priyanka Sharma, M.D., diagnosed Laura with T2N+ grade III  ER/PR negative / HER 2 positive right breast cancer.

50.     On January 17, 2014, Laura Clayton underwent a CT of her chest, abdomen and pelvis. Those studies revealed right axillary lymphadenopathy compatible with nodal metastatic disease as well as spiculated pulmonary nodular opacity in the right lower lobe suspicious for metastatic disease.

51.     On or about January 23, 2014, Laura Clayton began chemotherapy treatment at University of Kansas Cancer Center in Kansas City, Kansas.

## FIRST CAUSE OF ACTION

52.     Plaintiff incorporates paragraphs numbered one (1) fifty-one (51), inclusive, as if fully set forth herein.

53.     At all times material, a physician-patient relationship existed between Defendant Charlie G. Joslin, M.D. (Hereafter "Dr. Joslin") and Laura Clayton.

54.     Defendant Dr. Joslin negligently deviated from the applicable standard of care by failing to personally notify Laura Clayton of the June 14, 2012, mammogram results and failing to refer her for a biopsy and any necessary treatment associated thereto.

55.     As a direct and proximate result of Defendant Dr. Joslin's negligence, carelessness and malpractice, Laura Clayton has suffered significant bodily injury,

disability, pain and suffering, mental anguish, loss of enjoyment of life, a loss of a chance of a better recovery or survival, medical expenses and lost wages and will continue to suffer said damages in the future.

56.    As a further direct result of the negligence, carelessness and malpractice of the Defendant Dr. Joslin, Laura Clayton incurred a loss and impairment in her ability to perform services in the household and discharge her domestic duties, and a loss and impairment of her companionship, aid, assistance, comfort and society and will continue to suffer said damages in the future and Plaintiff brings this claim for loss of consortium pursuant to K.S.A. § 23-205.

WHEREFORE, and by reason of the foregoing, Plaintiff prays for judgment against Defendant Charlie G. Joslin, M.D., Inc. for a sum in excess of $75,000.00, for costs, and for such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

57.    Plaintiff incorporates paragraphs numbered one (1) through fifty-six (56), inclusive, as if fully set forth herein.

58.    At all times material, a physician-patient relationship existed between Defendant Ray E. House, M.D. (Hereafter "Dr. House") and Laura Clayton.

59.    Defendant Dr. House negligently deviated from the applicable standard of care by failing to provide or ensure that Laura Clayton received notification of the June 14, 2012, mammogram results.

60.    As a direct and proximate result of Defendant Dr. House's negligence, carelessness and malpractice, Laura Clayton has suffered significant bodily injury, disability, pain and suffering, mental anguish, loss of enjoyment of life, a loss of a

chance of a better recovery or survival, medical expenses and lost wages and will continue to suffer said damages in the future.

61.   As a further direct result of the negligence, carelessness and malpractice of the Defendant Dr. House, Laura Clayton incurred a loss and impairment in her ability to perform services in the household and discharge her domestic duties, and a loss and impairment of her companionship, aid, assistance, comfort and society and will continue to suffer said damages in the future and Plaintiff brings this claim for loss of consortium pursuant to K.S.A. § 23-205.

WHEREFORE, and by reason of the foregoing, Plaintiff prays for judgment against Defendant Ray E. House, M.D., Inc. for a sum in excess of $75,000.00, for costs, and for such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

62.   Plaintiff incorporates paragraphs numbered one (1) through sixty-one (61), inclusive, as if fully set forth herein.

63.   At all times material, a medical care provider-patient relationship existed between Defendant Central Kansas Medical Center, d/b/a St. Rose Ambulatory & Surgery Center (Surgery Center) and Laura Clayton.

64.   Defendant Central Kansas Medical Center, at all relevant times, controlled and operated St. Rose Ambulatory & Surgery Center, including all patient medical records, radiology testing and result notifications.

65.   Defendant Surgery Center negligently deviated from the applicable standard of care by failing to provide or ensure that Laura Clayton received notification of the June 14, 2012, mammogram results.

66.    As a direct and proximate result of Defendant Surgery Center's negligence, carelessness and malpractice, Laura Clayton suffered significant bodily injury, disability, pain and suffering, mental anguish, loss of enjoyment of life, a loss of a chance of a better recovery or survival, medical expenses and lost wages and will continue to suffer said damages in the future.

67.    As a further direct result of the negligence, carelessness and malpractice of the Defendants Surgery Center, Laura Clayton incurred a loss and impairment in her ability to perform services in the household and discharge her domestic duties, and a loss and impairment of her companionship, aid, assistance, comfort and society and will continue to suffer said damages in the future and Plaintiff brings this claim for loss of consortium pursuant to K.S.A. § 23-205.

WHEREFORE, and by reason of the foregoing, Plaintiff prays for judgment against Defendant Central Kansas Medical Center, d/b/a St. Rose Ambulatory & Surgery Center for a sum in excess of $75,000.00, for costs, and for such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff and demands trial by jury on all issues triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

**WALL HUNTINGTON TRIAL LAW**

 /s/ Larry Wall
Larry Wall, #7732
Tina Huntington, #21303
2024 N. Woodlawn, Suite 406
Wichita, Kansas 67208
316-265-6000 Telephone
316-267-3567 Facsimile
larry@whtriallaw.com
tina@whtriallaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of March, 2015, a true and correct copy of the above and foregoing ***COMPLAINT***, was served via electronic mail transmission to the federal court clerk at ksd_clerks_wichita@ksd.uscourts.gov.


/s/ Larry Wall
Larry Wall, #7732