UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARCY D. WILLIAMSON,            )
                                )
            Plaintiff,          )
                                )
v.                              )      Case No. 15-cv-2657-JWL-TJJ
                                )
CHARLIE G. JOSLIN, et al.,      )
                                )
            Defendants.         )

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' cross motions concerning Defendants' efforts to communicate *ex parte* with Laura Clayton's treating physicians.[1] Plaintiff seeks an order prohibiting Defendants from conducting such *ex parte* interviews.[2] Defendants move for an order permitting release of Plaintiff's protected health information, allowing *ex parte* interviews of her treating physicians, and precluding Plaintiff or her counsel from discouraging those physicians to consent to *ex parte* interviews by defense counsel.[3] For the reasons set forth below, the Court denies Plaintiff's motion and grants in part and denies in part Defendants' motion.

---

[1] Laura Clayton is the injured party and was the Plaintiff in the original lawsuit alleging medical malpractice. *See* Case No. 14-cv-2282-JTM-TJJ (filed June 11, 2014). On March 10, 2015, the Court dismissed that case without prejudice and Plaintiff Darcy D. Williamson, Trustee for the Bankruptcy Estate of Laura Clayton and Stephen Clayton, filed this action. For ease of identification, the Court's references to "Plaintiff" throughout this Memorandum and Order will be to Laura Clayton unless otherwise specified.

[2] Plaintiff's Motion and Memorandum to Prohibit *Ex Parte* Interviews of Treating Physicians (ECF No. 21).

[3] Defendants' Joint Motion for an Order for Release of Protected Health Information and *Ex Parte* Interviews of Treating Physicians and for Protective Order (ECF No. 25). Plaintiff does not object to an appropriate order for release of protected health information.

1

**Background**

This case arises out of diagnostic and medical care that Laura Clayton received following a June 12, 2012 clinical breast exam by Dr. Charlie G. Joslin and a mammogram performed two days later by Dr. Ray E. House. Plaintiff alleges that she was never informed that the mammogram revealed suspicious findings and suggested that she consider biopsies. She further alleges that when she returned to Dr. Joslin for another examination on December 31, 2013, he discovered a mass in her right breast, said it was nothing to worry about, and told her that he would arrange for a mammogram. Later that same day, Dr. Joslin called Ms. Clayton back into his office to tell her that he had discovered the June 14, 2012 mammogram results and stated that they had "dropped the ball." Plaintiff had another mammogram and biopsy, and a biopsy report dated January 6, 2014 reported that she had a mass that was Grade 3 invasive ductal carcinoma. On January 23, 2014, Plaintiff began chemotherapy. She had surgery on June 18, 2014, followed by radiation and targeted therapy. In October, 2014, she began psychological counseling.

On June 11, 2014, Ms. Clayton filed a civil action against Drs. Joslin and House alleging negligence, carelessness, and malpractice.[4] She twice amended her complaint to add Defendants Centura Health Corporation and Central Kansas Medical Center d/b/a St. Rose Ambulatory & Surgery Center.[5] Because Plaintiff had not served a copy of her Second Amended Complaint on the Health Care Stabilization Fund, she moved to dismiss her complaint without prejudice so that she could refile it and secure Health Care Stabilization Fund coverage for any claims against

---

[4] *See* Case No. 14-cv-2282-JTM-TJJ (Complaint (ECF No. 1)).

[5] *See id.* (Amended Complaint (ECF No. 17) and Second Amended Complaint (ECF No. 30)).

Central Kansas Medical Center d/b/a St. Rose Ambulatory & Surgery Center.[6]   On March 10, 2015, the Court dismissed the case without prejudice subject to the following conditions: (1) all discovery in the first case would be binding on a newly-filed action; (2) all orders in the first case would be binding on a newly-filed action; and (3) any refiling had to occur within six months of dismissal.[7]   Darcy D. Williamson filed this action on March 12, 2015.

The parties filed the instant motions in the first case, but they remained pending at the time of dismissal.   The undersigned Magistrate Judge directed the parties to refile the same motions in this case without change, but gave them the opportunity to submit supplemental citations by letter in accordance with D. Kan. R. 7.1(f).   No party filed supplemental authorities.

## Discussion

In their briefs, the parties set forth their opposing arguments with respect to whether Defendants should be permitted to conduct *ex parte* interviews with Plaintiff's treating physicians. Defendants also seek a protective order which would prohibit Plaintiff and her counsel from discouraging her treating physicians to consent to such interviews.   The Court will address each in turn.

### *Ex Parte* Communication

Plaintiff advances the following three arguments in favor of her request for a ruling that Defendants are prohibited from conducting *ex parte* interviews of Plaintiff's treating physicians: (1) the Court should consider Kansas District Court decisions relating to the scope of the physician-patient privilege; (2) the Court should exercise its discretion to deny the *ex parte*

---

[6] *Id.* (Plaintiff's Unopposed Motion to Dismiss without Prejudice (ECF No. 53)).

[7] *Id.* (Journal Entry of Dismissal Without Prejudice (ECF No. 54)).

interviews; and (3) good reasons exist to deny the interviews.[8]  Defendants argue that (1) the physician-patient privilege does not apply; (2) the Health Insurance Portability and Accountability Act ("HIPAA") and its corresponding regulations, 45 C.F.R. § 164.512(e), do not prohibit *ex parte* interviews with treating physicians; and (3) public policy supports their position.

The Court rejects Plaintiff's argument that its ruling on this issue should be informed by Kansas District Court decisions that are at odds with the plain language of the Kansas statute which governs the physician-patient privilege.[9]  By filing this action alleging medical negligence, Plaintiff clearly has placed her medical condition at issue.[10]  The Kansas physician-patient statute, K.S.A. 60-427, provides that the privilege does not exist when the condition of the patient is an element or factor of the patient's claim or defense.  "The issue is not waiver or partial waiver[;] there is simply no privilege available to the plaintiff."[11]  Plaintiff's treating physicians are not precluded from disclosing information concerning her medical condition by virtue of the physician-patient privilege.

The judges in this District consistently hold that *ex parte* communications with treating physicians are permissible in cases, such as this one, where the plaintiff's medical condition is at

---

[8] The Court jointly considers Plaintiff's first and third arguments.

[9] *See* K.S.A. 60-427.  Where state law provides the rule of decision concerning a claim or defense, the privilege of a witness is likewise determined by state law.  Fed. R. Evid. 501.  Kansas law provides the basis for claims of medical negligence, and therefore the Kansas statute governing physician-patient privilege applies.

[10] *See* K.S.A. 60-427(d) ("There is no privilege under this section in an action in which the condition of the patient is an element or factor of the claim or defense of the patient or of any party claiming through or under the patient or claiming as a beneficiary of the patient through a contract to which the patient is or was a party.").

[11] *Bryant v. Hilst*, 136 F.R.D. 487, 491 (D. Kan. 1991).

issue.[12]  Plaintiff acknowledges this consistency, and tellingly she does not cite a single case from this District which prohibits *ex parte* interviews.  Instead, Plaintiff argues that this Court should exercise its discretion to supervise discovery by requiring that Defendants employ formal discovery methods to communicate with Plaintiff's treating physicians.  Plaintiff contends that, because her treating physicians undoubtedly will be deposed and testify as witnesses at trial, *ex parte* interviews will be a needless waste of their time.  Plaintiff also argues that her compromised health and ongoing treatment create a heightened need to respect her relationship with her treating physicians, and that allowing *ex parte* interviews imperils her mental health.

Although the Court is not insensitive to Plaintiff's medical condition, her arguments do not persuade the Court to rule contrary to the unbroken weight of authority in this District.  The Court presumes that virtually all plaintiffs would bristle at the notion of their treating physicians speaking privately with defense counsel, even though they know that such conversations are possible when they put their medical conditions at issue, and in that sense Plaintiff does not set her case apart.  Plaintiff's medical condition is an integral part of this case, and that fact is unchanged by her level of discomfort with the possibility that one or more of her treating physicians may speak to defense counsel without her own attorney being present.  More importantly, though, Plaintiff's arguments presume that her treating physicians will agree to speak privately with defense counsel.  The Court does not share that presumption.  Plaintiff's counsel state that her

---

[12] *E.g., Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 3756591 (D. Kan. July 15, 2013); *Brigham v. Colyer*, No. 09-2210-JWL-DJW, 2010 WL 2131967 (D. Kan. May 27, 2010); *Pratt v. Petelin*, No. 09-2252-CM-GLR, 2010 WL 446474 (D. Kan. Feb. 4, 2010); *Sample v. Zancanelli Mgmt. Corp.*, No. 07-2021-JPO, 2008 WL 508726 (D. Kan. Feb. 21, 2008); *Spraggins v. Sumner Reg'l Med. Ctr.*, No. 10-2276-WEB-KGG, 2010 WL 4568715 (D. Kan. Nov. 3, 2010); *McCloud v. Bd. of Dirs. of Geary Cmty. Hosp.*, No. 06-1002-MLB, 2006 WL 2375614 (D. Kan. Aug. 16, 2006).

oncology doctors have resisted Plaintiff's counsel's attempts to speak with them, and there is no logical reason to think that the doctors would be more receptive to private conversations with defense counsel. If the doctors do agree to speak privately with defense counsel, there is sound reason to believe that they will do so in a professional manner that is respectful of Plaintiff's current condition. The Court will not exercise its discretion to preclude defense counsel from attempting to engage in *ex parte* communication with Plaintiff's treating physicians.

Although Plaintiff does not directly argue that HIPAA prohibits *ex parte* communication with treating physicians, most of the Kansas District Court cases she cites reach that conclusion.[13] HIPAA imposes procedures on health care providers concerning the disclosure of medical information,[14] and generally prohibits covered entities from disclosing protected health information.[15] In judicial proceedings, however, a covered entity may disclose information "[i]n response to an order of a court . . . , provided that the covered entity discloses only the protected health information expressly authorized by such order."[16] Although HIPAA does impose certain procedural requirements, the statute does not expressly authorize or prohibit *ex parte* communications with health care providers. After HIPAA's enactment, judges in this District have consistently held that the statute and its regulations do not prohibit *ex parte* communications.[17] Plaintiff provides no argument or legal authority from any federal court to the

---

[13] *See* ECF Nos. 21-1 to 21-10.

[14] *See, e.g.,* 42 U.S.C. § 1320d-2(d); 45 C.F.R. § 164.500.

[15] 45 C.F.R. § 164.502(a).

[16] *See* 45 C.F.R. § 164.512(e)(1)(i).

[17] *See Sample,* 2008 WL 508726, at *2, n. 16.

contrary. Accordingly, the Court will not prohibit *ex parte* communication with Plaintiff's treating physicians on the basis of HIPAA.

**Defendant's Request for Orders**

Defendants have submitted a proposed order for the Court's consideration. The Court will not approve the proposed order in its current state for the following reasons. First, the Court will authorize but will not direct or order any non-party health care provider to disclose medical records and/or protected health information. Second, Defendants seek to have Plaintiff's medical records released to the Kansas Medical Mutual Insurance Company, but they offer no legal authority for their request and the Court will not approve inclusion of that entity in the Court's order. Third, Defendants seek to include Plaintiff's past employers and her employment records in this order, but that issue is not before the Court and the Court will not order any such production absent the parties' agreement. Fourth, Defendants have made no attempt to show that good cause exists for the disclosure of any alcoholic or drug dependence records of programs which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States.[18] Accordingly, the Court will not include such records in its disclosure order. Finally, the Court will permit the inclusion of the proposed language which prohibits Plaintiff Darcy Williamson, Laura Clayton, and Plaintiff's counsel from attempting to dissuade the treating physicians from speaking *ex parte* with defense counsel, but only on the condition that Defendants also include a directive that before conducting any such interviews, Defendants and/or defense counsel shall advise the treating physicians that they are under no obligation to comply with

---

[18] *See* 42 U.S.C. § 290dd-2(b)(2)(C).

Defendants' request.  To that end, the Court will require that Plaintiff's counsel file a notice certifying that they have not attempted to dissuade any of Plaintiff's treating physicians from communicating *ex parte* with defense counsel, and that Defendants' counsel file notices certifying that they have advised Plaintiff's treating physicians that they are under no obligation to agree to communicate *ex parte* with Defendants' counsel.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Prohibit *Ex Parte* Interviews of Treating Physicians (ECF No. 21) is DENIED.

IT IS FURTHER ORDERED that Defendants' Joint Motion for an Order for Release of Protected Health Information and *Ex Parte* Interviews of Treating Physicians and for Protective Order (ECF No. 25) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendants' counsel shall confer in good faith with Plaintiff's counsel and then submit for the Court's approval **within seven (7) days of the date of this Memorandum and Order**, a revised order.  The revised order shall be consistent with this opinion, shall authorize health care providers to disclose Plaintiff's medical records pursuant to HIPAA, and shall permit *ex parte* interviews with treating physicians.

IT IS SO ORDERED.

Dated September 1, 2015, at Kansas City, Kansas.

s/   Teresa J. James
Teresa J. James
U.S. Magistrate Judge
